UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                            CASE NO. 8:21-cr-327-SDM-CPT

MARGARETT MICHELE CHEVRY,
_____/

**ORDER**

In accord with 18 U.S.C. § 4241, the United States moved for a hearing to determine Chevry's mental competency, and several experts examined Chevry before the hearing.  A January 8, 2024 order (Doc. 77) from the magistrate judge (1) concludes based on the hearing and based on a preponderance of the evidence that Margarett Michele Chevry is incompetent and (2) commits Chevry to the custody of the Attorney General, who must hospitalize Chevry and perform competency restoration training in accord with 18 U.S.C. § 4241.  Arguing that each witness at the hearing testified that training cannot restore Chevry to competency, Chevry objects (Doc. 80) to the magistrate judge's order.  The United States responds (Doc. 84).

Upon a finding that a defendant is incompetent, Section 4241(d) directs a judge to commit the defendant to the custody of the Attorney General, who "shall" hospitalize the defendant "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to permit the proceedings to go forward[.]"  Chevry argues that, because each witness at the hearing

testified that competency training would not restore Chevry to competency, committing Chevry to the custody of the Attorney General for any length of time violates *Jackson v. Indiana*, 406 U.S. 715, 738 (1972), which states "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed."

But *United States v. Donofrio*, 896 F.2d 1301 (11th Cir. 1990), forecloses Chevry's argument.  In *Donofrio*, the defendant was found incompetent and was committed to the Attorney General for examination in accord with Section 4241.  Citing *Jackson*, the defendant argued that "any period of commitment is unreasonable because evidence shows that he will never attain the capacity to permit a trial to proceed."  *Donofrio* holds that Section 4241 "is mandatory and that the district court [has no] authority to circumvent the hospitalization[]" and explains that "[t]he permanency of Donofrio's condition was not an issue before the district court . . . ."  Upon a finding that a defendant is incompetent, the "defendant must be committed to the custody of the Attorney General[,]" who must hospitalize the defendant for "a careful determination of the likelihood of regaining mental capacity to stand trial."  *Donofrio*, 896 F.2d at 1303.  In short, *Donofrio* confirms that the magistrate judge correctly committed Chevry to the custody of the Attorney General.

For these reasons and others stated by the magistrate judge and by the United States, no part of the magistrate judge's order is "contrary to law or clearly

- 2 -

erroneous."  Chevry's objection (Doc. 80) is **OVERRULED**.  Chevry must comply with the magistrate judge's order (Doc. 77).

ORDERED in Tampa, Florida, on March 14, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE